MARY E. WILCOX, PLAINTIFF IN ERROR, V. CHARLES H. BROWN ET AL., DEFENDANTS IN ERROR.

| 26 | 751 |
| 60 | 227 |

[FILED JUNE 13, 1889.]

**Conversion:** REPLEVIN. A instituted an action in replevin against B for the possession of certain personal property. The order of replevin was placed in the hands of C, the sheriff, for execution, by virtue of which he seized the property. A executed and delivered to C a replevin bond, with sureties which were approved by him; but the property was left in the care of C to the extent that it was not delivered manually to A. A and B then settled the matter in controversy between them. D, the person from whom B had received title to the property by bill of sale, executed another bill of sale to E, and C, by direction of A, delivered the property to E without B's knowledge or consent. In an action by B against C for the value of the property replevied, it was held, that C was liable, and that neither the execution of the replevin bond nor the direction of A to him to deliver the property to E, would constitute a legal excuse relieving him from such liability.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

C. C. Flansburg, and John Dawson, for plaintiff in error, cited: Bobb v. Woodward, 50 Mo. 95; Gregory v.

*Whedon,* 8 Neb. 373; *Tremper v. Barton,* 18 Ohio, 418; *Brown v. Webb,* 20 Id. 389; *Hunt v. Robinson,* 11 Cal. 262; *Hagan v. Lucas,* 10 Peters, 404; *Bank v. Dunn,* 97 N. Y. 149; *Lockwood v. Perry,* 9 Metcalf, (Mass.,) 440.

*T. Judson Ferguson,* and *B. C. Oyler,* for defendant in error, cited: *Fleming v. Wells,* 4 Pac. Rep. (Cal.) 197.

REESE, CH. J.

This action was instituted in the district court of Harlan county against defendant in error, who was sheriff of that county, upon his official bond, for the purpose of recovering the value of certain goods which it was claimed he unlawfully detained from plaintiff. A trial was had in the district court, which resulted in favor of defendant in error, when the cause was removed to this court, and upon review was reversed and a new trial awarded. The report of the case may be found in 20 Neb., at page 355. After the cause was remanded, a second trial was had, which resulted the same as the first, in favor of the defendant in error, the sheriff. It appears from the evidence that on the 20th day of August, 1885, one Canna Willis, who was the owner of the goods, transferred them to plaintiff in error by bill of sale, which is set out in the record. On the 24th day of August, 1885, Lockwood, Englehart & Co., caused to be issued out of the office of A. A. Brown, a justice of the peace of Harlan county, a writ of replevin for the possession of the goods in question, which writ was delivered to defendant in error, as sheriff, for execution. The goods were levied upon, appraised, and the proper return made to the justice of the peace, showing that fact. It is claimed by plaintiff in error that the goods remained in the possession of the sheriff during the whole of the time until he delivered them to Mrs. Verbryck, who retained possession of them. Within a few days after the

institution of the replevin proceedings by Lockwood, En-
glehart & Company against plaintiff in error, a settlement
was made between them, when it was agreed that the prop-
erty should be returned to Mrs. Wilcox, plaintiff in error.
After the goods had been taken from Mrs. Wilcox by
the sheriff, Canna Willis and Maggie Willis executed a
bill of sale by which they sought to convey them to Mrs.
Verbryck, and upon the strength of this bill of sale the
delivery was made to her by the sheriff. We think there
is no conflict in the testimony, but that the sheriff had the
property in his possession all the time until his delivery
to Mrs. Verbryck, although he denies such possession and
alleges that he held them only as agent of Lockwood, En-
glehart & Company, and delivered them to Mrs. Verbryck,
upon their order after the settlement was made. It is con-
ceded that the property was delivered to Mrs. Verbryck,
but the sheriff contends that he was ordered so to do by the
attorneys of Lockwood, Englehart & Company, who had
executed their replevin bond to him and by which they be-
came entitled to control the property. Upon the second
trial the court gave the jury the following instructions upon
the request of plaintiff in error :

"*First*—If you find from the evidence that Canna Willis
had given an absolute bill of sale to the plaintiff, and that
afterwards she made a bill of sale of said goods to Catha-
rine Verbryck, then the first bill of sale would convey all
the title to said goods to plaintiff, and the second bill of
sale would convey no interest in said goods.

"*Second*—The fact that Dawson and Cordeal were attor-
neys for Lockwood, Englehart & Company would not au-
thorize them to sell the goods ; and the fact that Lockwood,
Englehart & Company had replevied the goods would not
authorize Lockwood, Englehart & Company to sell the
same ; and an attempted sale of them would confer no title
to the property.

"*Third*—If you find that Lockwood, Englehart & Com-
48

pany accepted a note of Catharine Verbryck and Maggie Willis in full settlement of their claim, and after the acceptance of said note, said Lockwood, Englehart & Company would have no further interest in said goods; and neither they nor their attorneys could transfer interest in them.

"*Fourth*—The jury are instructed that if they find the suit between Lockwood, Englehart & Company and Mary E. Wilcox was discontinued by agreement, then upon the discontinuance and settlement of said suit, the plaintiff Mary E. Wilcox would be entitled to the immediate possession of said property."

Defendant in error then requested the court to give to the jury the following instruction, which was given, and to the giving of which plaintiff in error duly excepted:

" If the jury find from the evidence that on the 24th or 25th day of August, 1885, and within twenty-four hours after the seizure of the property under the writ of replevin, in Lockwood, Englehart & Company against Wilcox, the sheriff took and approved the undertaking in replevin of Lockwood, Englehart & Company, and thereupon turned the property over to Lockwood, Englehart & Company, or their agent, then you should find for the defendant, and it is not necessary that such turning over of the property should be by actual delivery; but any thing which clearly shows a surrender of control by defendant Brown over the property in favor of Lockwood, Englehart & Company, and an assumption of control over them by them or by their agents, is sufficient."

The trial having resulted in favor of the sheriff, plaintiff in error brings the cause to this court for review, and assigns for error among other things the following: the verdict was not sustained by sufficient evidence; the court erred in giving the instruction last above referred to.

After a careful examination of the bill of exceptions, we are led to the conclusion that the verdict was against the evidence, and was not sustained thereby.

The bill of exceptions shows the following state of facts: Originally the goods involved were transferred to plaintiff in error, by Canna Willis. Lockwood, Englehart & Company then brought their action of replevin against plaintiff in error for possession of the goods. They were levied upon and taken by defendant in error into his possession. The action between Lockwood, Englehart & Company and plaintiff in error was then settled, and about the same time another bill of sale was made by Canna Willis and Maggie Willis to Mrs. Verbryck. While it is true perhaps that the goods were under the control of Lockwood, Englehart & Company, yet it was clearly shown that they were never taken out of the actual possession of the sheriff, and that he had charge of them during the whole time. Upon a settlement being made between Lockwood, Englehart & Company and plaintiff in error, the attorneys for Lockwood, Englehart & Company directed the sheriff to deliver the goods to Mrs. Verbryck. The sheriff did so, ordering a drayman to go to where they were stored and take them and deliver them to her, which was done. After the settlement between Lockwood, Englehart & Company and plaintiff in error had been made, neither Lockwood, Englehart & Company, nor their attorneys, had any further control over the goods. Their direction to the sheriff to deliver them to a third party was no more than the direction of any other person would have been. As said by Judge MAXWELL in a former opinion in this case, page 361: "If defendant Brown, therefore, was in possession of the goods in question when the parties amicably settled the matter in controversy, he should have returned such goods to the party from whom they were taken."

Adopting this view of the case, we are led to the conclusion that the instructions above quoted, asked for by plaintiff in error, and given to the jury, were correct, while the instruction, given as asked by defendant in error, was incorrect, and should not have been given. By it the jury

were told in substance that if the sheriff approved the undertaking in the replevin suit of Lockwood, Englehart & Company against plaintiff in error, and turned the property over to Lockwood, Englehart & Company, or their agent, the jury should find for the defendant. There was no proof of any turning over of the property. It remained in the possession of the sheriff from the beginning until he had it delivered to Mrs. Verbryck. In our view of the case, it is wholly immaterial whether a replevin bond was taken by the sheriff or not. The question to be decided by the jury was: Did he have the property in his possession at the time of the settlement? Or, rather, Had he taken the property into his possession by virtue of the writ of replevin? If he had, it was his duty to retain possession of it until the replevin bond was executed and delivered to him, when he should have delivered it to Lockwood, Englehart & Company; but whether he did so or not is wholly immaterial, so far as this case is concerned. There is no doubt but that he wrongfully delivered the property to Mrs. Verbryck. It will not do for him to say that he is excused from the liability created by his acts by reason of the fact that he was an agent for Lockwood, Englehart & Company, or that he was directed to do so by them, or by their attorneys; for they had no possible authority or right to direct him to return the property to any one other than the person from whom it was taken. Therefore, if he did deliver the property to Mrs. Verbryck when he should have delivered it to plaintiff in error, he would be liable to plaintiff in error for its value; and the fact that some other individual, without any right or authority so to do, directed him to deliver them to a third party, would be no excuse or justification for him.

We are satisfied that the verdict of the jury was not sustained by the evidence in the case. We are also satisfied that the instructions given upon the request of defendant in error should not have been given; and for these rea-

sons the judgment of the district court must be reversed and the cause remanded for further proceedings according to law, which is done.

REVERSED AND REMANDED.

THE other Judges concur.